IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| CHARLES DORMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF HONOLULU,<br>STATE OF HAWAII DEPARTMENT<br>OF HUMAN SERVICES,<br><br>        Defendants. | Case No. 18-cv-00385-DKW-KSC<br><br>**ORDER (1) DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND.**[1] |

On October 9, 2018, Plaintiff Charles Dorman, proceeding pro se, filed a Complaint against the City of Honolulu and the State of Hawaii Department of Human Services. Dkt. No. 1. Dorman also filed an application to proceed *in forma pauperis* ("IFP Application").[2] Dkt. No. 2.

"[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir.

---

[1] Pursuant to Local Rule 7.2(d), the Court finds these matters suitable for disposition without a hearing.

[2] The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

2015). Here, Dorman has failed to do so. In the IFP Application, Dorman states that he has gross pay or wages of $805 and he has received other income of $805 in the past 12 months from "SSA." Dorman does not state, though, the name and address of his employer or the regularity with which he receives the gross pay of $805. Dorman also does not state whether he expects to receive "SSA $805" in the future. As a result, the Court cannot meaningfully assess Dorman's allegation of poverty and, thus, the IFP Application (Dkt. No. 2) is DENIED without prejudice.

As discussed below, to the extent Dorman elects to continue with this action, he may also file a new application to proceed *in forma pauperis*. Should he file a new IFP Application, Dorman should only include as "gross pay or wages" money he receives from an employer. If Dorman does receive gross pay from an employer, he must state the regularity with which he receives that pay (for example, weekly or monthly) and the name and address of his employer. In the "Other Income" section of the IFP Application, if Dorman receives benefits from the Social Security Administration, he also must state either the regularity with which he receives those benefits or the total amount of benefits he has received in the past 12 months, as well as whether he expects to receive benefits in the future. Put simply, to the extent Dorman files a new IFP Application, the application must be completed in full. The failure to file a complete application to proceed *in forma pauperis* or

pay the civil filing fee in full will result in the dismissal of this action without further consideration of the merits of any amended complaint that may be filed.

Turning to the Complaint, aside from the case caption, the Complaint contains only the following five statements: (1) "SNAP decreased"; (2) "no hot food on EBT"; (3) "no vitamins on EBT"; (4) "no car ins. on social security"; and (5) "will not let me have a hearing." Dkt. No. 1 at 1.

While the Court liberally construes the pro se Complaint, *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court cannot act as counsel for a pro se litigant or supply the essential elements of a claim, *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Here, however liberal a construction the Court provides the brief snapshots of information included in the one-page Complaint, no plausible entitlement to relief can be divined. At best, it appears that Dorman is attempting to inform the Court of events that have befallen him. But, no claim is asserted, and none of the alleged events are tied to any particular defendant. As such, the Complaint does not even amount to "an unadorned, the defendant-unlawfully-harmed-me accusation." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, the Complaint fails to state a basis for this Court's subject matter jurisdiction. Accordingly, the Complaint, as written, must be dismissed. *See id*.; Fed.R.Civ.P. 8(a)(1).

That being said, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977–978 (9th Cir. 2013). In light of the very limited information provided in the Complaint, "amendment" is perhaps a misleading word to suggest what Dorman would need to do in order to cure the deficiencies with the Complaint. Nonetheless, the Court will allow Dorman one more chance to articulate a plausible claim for relief.

In that regard, the Court notes the following. First, Dorman must establish this Court's subject matter jurisdiction over his claim(s). At the moment, although it appears that Dorman has some concerns with federally-run or federally-backed programs, he must still establish that this Court has subject matter jurisdiction to hear any claims arising from those concerns. Based upon the brief statements in the Complaint, it appears that Dorman is attempting to rely on federal question jurisdiction. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). To the extent that is so, Dorman will need to set forth a colorable claim arising under the U.S. Constitution or federal law. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006); *see also Leeson v. Transamerica Disability Income*

*Plan*, 671 F.3d 969, 975 (9th Cir. 2012) ("a federal court may dismiss a federal question claim for lack of subject matter jurisdiction only if: (1) the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction; or (2) such a claim is wholly insubstantial and frivolous.") (quotations omitted).

Second, the statement "no car ins. on social security" is, at best, ambiguous. Conceivably, Dorman could be suggesting that the social security benefits he receives are insufficient for him to afford car insurance. If that is so, Dorman should not include any allegations related to car insurance in any amended complaint he may file. On the other hand, Dorman may be suggesting that he has been refused car insurance because he receives social security benefits. Arguably, any such claim may sound in discrimination. To the extent that is what Dorman is trying to allege, he will need to set forth the federal law under which any such claim is brought, allege facts supporting the elements of the claim, *and* tie those facts to a named defendant.

Third, the statements in the Complaint concerning there being "no hot food on EBT" and "no vitamins on EBT" appear to suggest that Dorman receives some form of federal assistance through "Electronic Benefit Transfers" or EBT. This assistance relates to the food stamp program. These statements also appear to suggest that Dorman is displeased with being unable to obtain vitamins and hot food

5

through the food stamp program. The problem is that Dorman has no right to specific items under the food stamp program; rather, to the extent Dorman is eligible to participate in the food stamp program, he is entitled to the opportunity to obtain a "more nutritious diet." *See* 7 U.S.C. § 2013(a). The authority to decide the composition of a "more nutritious diet" has been delegated to the Secretary of the Department of Agriculture, *see id*. § 2013(c), and Dorman alleges no facts plausibly indicating that the Secretary's decision in that regard is arbitrary or capricious, *see id*. (referencing 5 U.S.C. § 553); 7 U.S.C. § 706 (setting forth the scope of review for an agency action).

Fourth, there is perhaps more fertile ground for Dorman in stating "SNAP decreased" and "will not let me have a hearing." Assuming that (1) Dorman receives benefits under the supplemental nutrition assistance program or "SNAP," (2) those benefits have been reduced, and (3) Dorman has not received a hearing in connection with the reduction in his benefits, potentially, he may be able to set forth a plausible claim that Section 2020 of Title 7 has been violated. *See* 7 U.S.C. § 2020(e)(10) (requiring state agencies to provide for a "fair hearing" to any household aggrieved by the action of a state agency affecting a household's participation in SNAP). However, merely because Dorman's SNAP benefits may have been reduced, does not mean that Dorman was or is entitled to a hearing. *See Atkins v. Parker*, 472 U.S. 115, 130-131 (1985) (explaining that, when benefit levels

6

are adjusted by Congress, "the legislative determination provides all the process that is due.").

Fifth, the Complaint fails to state the relief Dorman seeks in this case. Arguably, Dorman may be seeking relief in the form of requiring one or both of the named defendants to provide him with a hearing, but even that is not clear from the Complaint, and, even if it was, the matter(s) with respect to which Dorman wishes a hearing are not clear. Therefore, in any amended complaint Dorman may file, he must clearly set forth under a separate heading the relief that he seeks in this case.

In summary, the Complaint is DISMISSED without prejudice, and Dorman is granted leave to amend to attempt to cure the deficiencies identified above. In addition, if Dorman chooses to file an amended complaint, he must also write short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction; (2) the constitutional or statutory right(s) he believes were violated; (3) the name of the defendant(s) who violated those right(s); (4) exactly what each defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Dorman's right(s); and (6) what specific injury he suffered because of that defendant's conduct. Dorman must repeat this process for each right and each person or entity that he names as a defendant. If Dorman fails to affirmatively link the conduct of each named defendant with the specific injury he suffered, the allegation against that defendant will be dismissed for failure to state a claim.

The amended complaint must designate that it is the "First Amended Complaint." Dorman may have until to **November 16, 2018** to file an amended complaint.  **The Court cautions Dorman that failure to file an amended complaint by November 16, 2018 may result in the automatic dismissal of this action without prejudice.**

The Clerk of Court is DIRECTED to mail Dorman a blank Application to Proceed In District Court Without Prepaying Fees or Costs (AO 240) so that he may comply with the directions in this Order.

IT IS SO ORDERED.

Dated: October 16, 2018 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge

---

*Dorman v. City of Honolulu, et al.*, Case No. 18-cv-00385-DKW-KSC; **ORDER (1) DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS, AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND**